**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL DEJONG WARDELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 12-83 Erie |

MEMORANDUM ORDER

This social security action was received by the Clerk of Court on March 23, 2012 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [ECF No. 17], filed on January 9, 2013, recommended that: the Plaintiff's Motion for Summary Judgment [ECF No. 11] be denied, the Defendant's Motion for Summary Judgment [ECF No. 15] be granted, and the decision of the administrative law judge ("ALJ") be affirmed.  The parties were allowed fourteen (14) days from the date of service to file objections, and Plaintiff filed Objections on January 28, 2013 [ECF No. 18] and the Defendant filed a Response on February 8, 2013.  [ECF No. 19].  After de novo review, and for the reasons that follow, we will overrule the Plaintiff's Objections, adopt the Report and Recommendation, and affirm the decision of the Commissioner.[1]

---

[1] When a party makes a timely and specific objection to a portion of a report and recommendation of a Magistrate Judge, the district court engages in de novo review of the issues raised on objection.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In so doing, the court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1).  The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations.  See United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

1

The procedural history, factual background, and applicable standard of review of this case are set forth in detail in the Report and Recommendation and will be recited here only as necessary to address the issues raised in the Plaintiff's Objections.[2]

Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ's residual functional capacity ("RFC") determination with respect to his alleged physical impairments was supported by substantial evidence. "'Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999); *see also* 20 C.F.R. § 416.945(a). An individual claimant's RFC is an administrative determination expressly reserved to the Commissioner. 20 C.F.R. § 416.927(e)(2). In making this determination, the ALJ must consider all the evidence before him. *Burnett*, 220 F.3d at 121. The ALJ described the Plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform medium work (20 CFR 416.967(c)) that does not require anything more than the most basic reading and writing; that does not require more than the most rudimentary mathematical calculations (i.e. simple addition and subtraction); that is performed in a temperature controlled environment; that is limited to simple, routine, and repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes; and that does not involve high levels of stress (i.e. requiring independent decision making); and that involves no interaction with the general public and only superficial interaction with supervisors and co-workers.

(AR 15-16).

Plaintiff contends that the ALJ's physical RFC assessment with respect to his exertional limitations is not supported by substantial evidence because the ALJ failed to obtain an RFC assessment from his treating physician, relying on *Ennis v. Astrue*, 2013 WL 74375 (M.D.Pa. 2013). In *Ennis*, the claimant alleged disability due to degenerative

---

[2] References to the administrative record [ECF No. 7], will be designated by the citation "(AR ___)".

2

disease of the lumbar spine. *Id*. at *2. The claimant's treating physician, Dr. Kraynak, whom she saw on a monthly basis, reported that she had limited lumbar range of motion and a wide stiff gait, and was prescribed Vicodin, a narcotic, for pain. *Id*. at *3. Dr. Kraynak opined that the claimant suffered from degenerative disc disease and neuropathy, and that she was "totally and permanently disabled from any and all employment." *Id*. at *3. The record did not contain an RFC assessment from a state agency physician. *Id*. The district court remanded the case, concluding that the ALJ erred in rejecting the opinion of Dr. Kraynak without pointing to any contrary medical opinion. *Id*. at *6. The court noted that the ALJ's findings that the claimant did not exhibit an altered gait, limitation of motion, or local morbid changes were "clearly erroneous" since the record reflected several appointments where these findings were recorded. *Id*. at *8. The court concluded that the record was insufficiently developed for the ALJ to reject the opinion of Dr. Kraynak. *Id*.

The present case is factually distinguishable from *Ennis*. The ALJ summarized the Plaintiff's medical records relative to his back impairment, and explained the basis for his RFC assessment as follows:

> The claimant alleges having back pain that has steadily worsened over the years, and he states that this prevents him from working. However, I do not find support in the treatment records to indicate limitations that would preclude work at the medium exertional level. In September 2008, he complained of aches and pains, but he stated that he takes only over-the-counter Aleve to address his symptoms (Exhibit B9F). He complained of right shoulder pain and low back pain in January 2009, but he stated that it only worsened with "prolonged activity," and his pain improves with the use of Aleve. Objective findings were unremarkable with no parasthesias, no weakness, and normal musculoskeletal and neurological examinations (Exhibit B13F/3). A follow-up examination in April 2009 was similarly unremarkable (Exhibit B13F/5). The claimant was referred for physical therapy, but during his initial evaluation, he indicated his discomfort was caused by recent activity "taking things to the curb" (Exhibit B13F/8). The claimant did not return for treatment of his shoulder and back pain until September 2009. At that time, he told his doctors that he had not completed his physical therapy because he was in school to obtain his

> GED. He also told his doctor that his pain only "happens sporadically" and it was "not a problem really now" (Exhibit B13F/9). The claimant's treatment records do not reflect a severity or frequency of symptoms which would preclude work at the medium level. Insofar as he alleges back pain which would preclude regular and continuous work within the RFC as a result of his back pain, I find him not fully credible because such statements are not supported by his medical record.
>
> . . .
>
> No medical source opines that the claimant is more limited than determined here[.]

(AR 16-17; 19).

Unlike the ALJ in *Ennis*, the ALJ in this case did not improperly reject a treating physician's opinion without pointing to contrary evidence, nor does the Plaintiff contend that the ALJ's findings with respect to his treatment records are in any way erroneous. Moreover, Plaintiff does not point to any other medical evidence that the ALJ rejected outright or failed to consider, nor has he articulated any functional limitations beyond those accounted for by the ALJ in his RFC assessment. Finally, the Plaintiff's medical records provided a sufficient basis for the ALJ's determination. Accordingly, we find no error in this regard.

Plaintiff further argues that, in upholding the ALJ's conclusion, the Magistrate Judge improperly substituted her reasoning for that of the ALJ by relying on the prior decision of ALJ Quigley, who found Plaintiff could perform a full range of work at all exertional levels. [ECF No. 18] pp. 1-2. The Magistrate Judge stated, in relevant part:

> … In the absence of evidence suggesting that Wardell was unable to perform "medium" work, it was permissible for the ALJ to find that Wardell could perform "medium" work without seeking the opinion of a medical expert. *Chandler*, 667 F.3d at 362. It is worth noting that Judge Quigley, in his decision of August 6, 2008, found Wardell to be physically capable of performing "a full range of work at all exertional levels." (R. at 50). Wardell points to nothing in the record which suggests that his physical condition deteriorated between the date of that decision and the period of time at issue in this case. (ECF No. 13 at 10-13). In this respect, the ALJ

    gave Wardell the benefit of the doubt by restricting him to medium work.
(R. at 16-17).

[ECF No. 17] p. 12.   We do not view the Magistrate Judge's comments in this regard as improper *post hoc* rational for the ALJ's decision.  As set forth above, the ALJ found that the medical record and the Plaintiff's testimony did not preclude work at the medium level, and that no treating source opined otherwise (AR 16-17; 19).  We view the Magistrate Judge's comments as simply highlighting the fact that Plaintiff failed to point to any evidence supporting his claim of disabling physical limitations.  In any event, the ALJ adequately explained the basis for his RFC determination and his determination is supported by substantial evidence.

    Plaintiff further objects that the limitations included in the ALJ's RFC finding are not addressed in the Dictionary of Occupational Titles ("DOT")[3] and the ALJ failed to "reconcile" the vocational expert's opinions with the information contained in the DOT.  [ECF No. 18] p. 3.  Plaintiff did not raise this argument in his brief in support of his Motion for Summary Judgment and accordingly, this argument is waived.  *See, e.g., Jimenez v. Barnhart*, 46 Fed. Appx. 684, 684 (3d Cir. 2002) ("[B]ecause Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendation, and not in her opening brief, we deem this argument waived."); *Lewis v. Astrue*, 2012 WL 1231878 at *6 (E.D.Pa. 2012) ("Generally, issues raised for the first time in objections to a magistrate judge's report are deemed waived.").

    Even if the objection had not been waived, the hearing transcript reflects that the ALJ specifically asked the vocational expert if his testimony with respect to the identified jobs (bench assembly, production checker and document preparer) was consistent with their descriptions in the DOT, and he responded that they were (AR 38).  In any event,

---

[3] The DOT is "a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy[.]"  *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002).

5

the vocational expert testified that the Plaintiff could perform the identified jobs with the limitations posited by the ALJ (AR 37-38).

In sum, the Plaintiff's Objections will be overruled, we will adopt the Report and Recommendation, and affirm the decision of the Commissioner. An appropriate Order follows.

## ORDER

AND NOW, this 14th day of February, 2013;

IT IS HEREBY ORDERED that the Plaintiff's Objections [ECF No. 18] to the Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment [ECF No. 11] is DENIED, the Defendant's Motion for Summary Judgment [ECF No. 15] is GRANTED, and the decision of the ALJ is hereby AFFIRMED.

JUDGMENT is hereby entered in favor of Defendant, Michael J. Astrue, Commissioner of Social Security, and against Plaintiff, Michael Dejong Wardell.

The Report and Recommendation [ECF No. 17] of Magistrate Judge Baxter, filed on January 9, 2013, is adopted as the opinion of the Court.

The Clerk is directed to mark the case closed.

    s/   Sean J. McLaughlin
    United States District Judge

cm:    All parties of record
        Susan Paradise Baxter, U.S. Magistrate Judge